**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gerardo MORALES ALEJO,**
**Defendant–Appellant.**

No. 03–35517.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 4, 2004.

Decided Aug. 27, 2004.

Michael W. Mosman, Esq., Thomas H. Edmonds, Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Kendra Matthews, Ransom & Blackmon, LLP, Portland, OR, Gerardo Morales Alejo, Phoenix, AZ, for Defendant–Appellant.

Before: HUG, MCKEOWN, and FISHER, Circuit Judges.

### MEMORANDUM *

Defendant, Alejo, participated in an armed bank robbery by monitoring a police scanner and notifying the principals that the police were aware of the robbery and that they had identified the getaway vehicle. The government charged Alejo with aiding and abetting the armed robbery and with aiding and abetting the use of a firearm in a crime of violence. At trial, Alejo's counsel moved for judgment of acquittal on the armed aspect of the armed robbery charge and on the use of a firearm in a crime of violence, arguing that there was insufficient evidence to prove either count. The trial court denied this motion and a jury found him guilty of both charges, sentencing him to two consecutive terms of sixty months imprisonment.

On direct appeal, Alejo's counsel failed to challenge the trial court's denial of the motion for judgment of acquittal. We affirmed Alejo's conviction on the one issue his counsel did raise on direct appeal. Alejo then filed a habeas petition, alleging ineffective assistance of counsel, in part because of his counsel's failure to challenge the trial court's denial of his motion. The district court denied Alejo's petition.

Because Alejo's counsel unreasonably failed to challenge the trial court's denial of the motion for judgment of acquittal with respect to the second charge (aiding and abetting the use of a firearm in a crime of violence), and because Alejo's appeal was prejudiced by this failure, we

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

reverse the district court's denial of Alejo's habeas petition.

## I.

We review for clear error the factual findings underlying the denial of a § 2255 motion, and de novo a district court's determinations of whether a defendant received ineffective assistance of counsel. *United States v. Alaimalo,* 313 F.3d 1188, 1191 (9th Cir.2002).

## II.

To make a successful showing of ineffective assistance of counsel, the defendant must show that his counsel's performance was objectively unreasonable and that the poor performance actually prejudiced the defendant. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Rios v. Rocha,* 299 F.3d 796, 805 (9th Cir.2002). Restated for a claim that appellate counsel was ineffective in neglecting to raise an issue on appeal, the defendant "must first show that his counsel was objectively unreasonable in failing to find arguable issues to appeal—that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." *Smith v. Robbins,* 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). The defendant must then "show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." *Id.*

Alejo succeeds in his claim because (1) it was unreasonable for his appellate counsel to fail to challenge on direct appeal the trial court's denial of his motion to strike

the use of a firearm charge, and (2) this failure actually prejudiced Alejo, i.e., there was a reasonable probability that he would have prevailed on his appeal of that issue.

### A. Objectively Unreasonable Assistance of Counsel

Alejo's counsel's failure to raise the claim was particularly unreasonable given that the second charge resulted in a second, *consecutive* sixty month sentence—half of Alejo's entire sentence. Counsel argued that he did not raise the issue on direct appeal in order to focus on the one issue he did raise and to avoid a "shotgun" approach to the appeal. Although avoiding the shotgun approach to an appeal is a valid tactical decision, given the totality of the circumstances, it was unreasonable for counsel to fail to challenge the trial's court denial of the motion. The case law discussed below, which supports Alejo's claim that there was not sufficient evidence to convict him of Count 2, was published in early 1998 and 1997, at least two years before the attorney filed the appellate brief. Failure to consider this supporting Ninth Circuit law prior to determining whether to raise an issue on direct appeal is performance below the proper standard for an attorney. It is not reasonably effective assistance.

### B. Actual Prejudice to Defendant

Although Alejo's counsel failed to raise a direct appeal of the trial court's denial of the motion for a judgment of acquittal on either count, the failure to raise the issue with respect to the first count, aiding and abetting an armed robbery, did not prejudice Alejo's appeal.[1] However, the attor-

---

1. "In order to convict a defendant for armed bank robbery under an aiding and abetting theory, this circuit requires the government to show beyond a reasonable doubt both that the defendant knew that the principal had and

intended to use a dangerous weapon during the robbery, and that the defendant intended to aid in that endeavor." *United States v. Coleman,* 208 F.3d 786, 793 (9th Cir.2000). Viewing the evidence in the light most favor-

ney's failure to challenge the denial of the motion with respect to the second count did prejudice Alejo's appeal because there was a reasonable probability that Alejo would have prevailed on that issue.

"We review the denial of a Rule 29 motion for acquittal de novo. Consequently, this court must review the evidence presented against the defendant in the light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The district court's findings of fact are reviewed for clear error." *United States v. Leos–Maldonado,* 302 F.3d 1061, 1063 (9th Cir.2002) (internal citations and quotations omitted).

"[I]n order to be guilty of aiding and abetting under [18 U.S.C.] § 924(c), the defendant must have directly facilitated or encouraged the use of the firearm and not simply be aware of its use." *United States v. Nelson,* 137 F.3d 1094, 1103 (9th Cir. 1998) (internal quotations omitted). A defendant "cannot be convicted as an aider and abettor under § 924(c) merely because he knew that a firearm would be used or carried and, with that knowledge, performed an act to facilitate or encourage the robbery itself." *United States v. Bancalari,* 110 F.3d 1425, 1430 (9th Cir.1997) (quoting *United States v. Medina,* 32 F.3d 40, 45 (2d Cir.1994)). "[T]o be convicted of aiding and abetting a § 924(c) violation, the defendant must aid and abet the use or carrying of the firearm. *Merely aiding the underlying crime and knowing that a gun would be used or carried cannot support a conviction under 18 U.S.C. § 924(c)." United States v. Woods,* 148 F.3d 843, 848 (9th Cir.1998) (internal citations omitted, emphasis in original) (applying *Bancalari* and *Medina* to a case in-

volving armed bank robbery and § 924(c) violations); *see also Nelson,* 137 F.3d at 1103 (holding that for a § 924(c) conviction "[t]he prosecution must still prove a specific intent to aid the firearms crime ... and some act that facilitates or encourages the crime").

Even when viewing the evidence in the light most favorable to the government, there is a reasonable probability that a panel of this Circuit, hearing the case on direct appeal, would have held that no reasonable trier of fact could have concluded beyond a reasonable doubt that Alejo intended to aid in the use of a firearm, or that he in some way facilitated or encouraged the use of a firearm during the robbery. The government's strongest evidence on this matter was Alejo's introduction of Robert Boyd to the robbery team. On the day of the robbery, two team members were armed—one of whom was Robert Boyd. Boyd brought his own gun that day. The government alleges that Alejo introduced Boyd to the team specifically to help the team acquire another gun—Boyd's gun—through Boyd's participation.

Several facts get in the way of this argument, however. The robbery was supposed to occur a day before it actually took place. Boyd, along with the other team members, gathered at an apartment (the meeting point), but the team did not go through with the robbery that day because one of the team members was late in arriving and the team members decided that *they wanted to get another gun.* The robbery took place the next day. It was at that point, during the team's second attempt at the robbery, that there is evidence that Boyd brought his gun. There is no evidence that Boyd brought his gun

able to the government, it is clear that Alejo knew of the bank robbery, was aware that the

bank robbers intended to use guns, and aided in the commission of the robbery.

to the first attempt. Furthermore, there is no evidence that Alejo knew that Boyd owned or even had access to a gun that he could contribute to the team. This was entirely speculation.

Although it is clear that Alejo knew there would be guns used in the robbery and that Alejo participated in the commission of the robbery, there is no evidence that Alejo assisted the team in either acquiring the guns for the robbery or facilitated or encouraged the use of guns during the robbery. There is a reasonable probability that the court, on direct appeal, would have held that the trial court erred in denying Alejo's motion for judgment of acquittal on Count 2. Therefore, Alejo was prejudiced by his counsel's failure to raise the issue on direct appeal.

## CONCLUSION

Alejo's counsel unreasonably failed to appeal the trial court's denial of his motion for judgment of acquittal on Count 2. Furthermore, this unreasonable failure prejudiced Alejo's direct appeal because there was a reasonable probability that such an appeal would have succeeded. Therefore, we reverse the district court's denial of petitioner's § 2255 motion with regard to counsel's ineffective assistance in prosecuting an appeal to this court of Count 2 of the indictment. Petitioner shall now have the opportunity to appeal his conviction of Count 2 and Kendra M. Matthews, Alejo's current counsel of record, is directed to file a notice of appeal with the district court within fourteen days of this decision.

REVERSED